NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3023

LINDA V. SCHULTZ,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Linda V. Schultz, of Houston, Texas, pro se.

Seth W. Greene, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3023

LINDA V. SCHULTZ,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070491-I-2.

_____

DECIDED: April 6, 2009

_____

Before LOURIE, FRIEDMAN, and PROST, Circuit Judges.

PER CURIAM.

Linda V. Schultz appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming her removal as postmaster. Schultz v. U.S. Postal Service, DA-0752-07-0491-I-2 (M.S.P.B. Final Order Oct. 3, 2008; Initial Decision July 30, 2008). Because the United States Postal Service ("Postal Service") reasonably removed Schultz for intentionally submitting a fraudulent divorce decree in a Postal Service investigation, we affirm.

BACKGROUND

Schultz was employed by the Postal Service beginning in 1983. In 1993, she married Wavily Britten. Schultz petitioned for divorce in 1999, but her petition was

dismissed in June 2000 for want of prosecution. In June 2003, Britten received a contract for his janitorial service, B & B Maintenance, to perform janitorial services at the Dickenson, Texas Post Office, where Schultz was then postmaster.

In April 2006, the officer in charge of the Dickinson Post Office reported discrepancies with the B & B Maintenance contract to the Postal Service's Office of the Inspector General ("OIG"), which began an investigation. During the investigation, OIG agent Rodney Francois interviewed Schultz, who stated that she and Britten were divorced and faxed Francois a final divorce decree, dated December 27, 2001, as proof. Francois then discovered that the divorce decree was false, as it had not been issued by a court but had instead been counterfeited. Francois also found out that, at the time of the interview in May 2006, Schultz was carrying Britten and his two daughters on her federal health insurance policy as her spouse and stepchildren.

On August 14, 2006, Schultz was informed that she would be removed from the Postal Service for improper conduct based on issues involving the contract with B & B Maintenance and the allegedly fraudulent divorce decree. Schultz appealed her removal to the Board, and the Postal Service rescinded its removal decision, stating that it intended to issue a new proposed removal. On April 23, 2007, Schultz received a second notice of proposed removal based on improper conduct. The notice stated the following:

> 1. On or about May 18, 2006, you provided a false official document/ statement, wherein during the course of an OIG investigation regarding a contract between the [Postal Service] and Wavily Britten, you told OIG that you were divorced in 2003 and you later provided OIG a divorce decree dated December 27, 2001, which proved to be false.
>
> Or, in the alternative

2. On October 16, 2002 and on December 6, 2002 you recertified authorization for health benefits for Wavily Britten, Wayeisha Britten and Brean Britten. You also maintained said health benefits for Wavily Britten, Wayeisha Britten and Brean Britten from January 10, 2004 until November 14, 2006 when they were not entitled to such benefits based on your divorce to Wavily Britten on December 27, 2001.

Your actions are in violation of the Employee and Labor Relations Manual; specifically, Section 665.13 Discharge of Duties "Employees are expected to discharge their assigned duties conscientiously and effectively" [and] Section 665.18 Behavior and Personal Habits "Employees are expected to conduct themselves during and outside of working hours in a manner that reflects favorably upon the Postal Service. Although it is not the policy of the Postal Service to interfere with the private lives of employees, it does require that postal employees be honest, reliable, trustworthy, courteous and of good character and reputation. . . . Employees must not engage in criminal, dishonest, notoriously disgraceful, immoral or other conduct prejudicial to the Postal Service."

Schultz was sent a notice of removal on June 29, 2007, which analyzed whether the penalty of removal was appropriate, in accordance with the factors set forth in Douglas v. Veteran's Administration, 5 M.S.P.R. 280 (1981). Schultz again appealed her removal to the Board.

In an initial decision issued on July 30, 2008, the administrative judge ("AJ") affirmed the agency's removal action. The AJ found that the divorce decree Schultz had provided to Francois was false, as Schultz has admitted. The AJ also found that Schultz had knowingly supplied false information with the intention of defrauding, deceiving, or misleading the Postal Service. In finding such intent, the AJ found that Schultz's testimony lacked credibility when she claimed that she had believed that she and Britten were divorced and that the divorce decree was valid. Also, according to the AJ, Britten's testimony lacked credibility when he stated that he had paid to procure a fraudulent divorce decree and had told Schultz that it was genuine; that testimony, if credible, might have precluded a finding of intent. The AJ instead found that "the fact

2009-3023

-3-

that [Schultz] carried Wavily Britten on her health insurance policy from at least December 2001 until November 2006, supports a finding that she knew that she and Wavily Britten were not divorced when she provided the fraudulent Decree to Francois." Schultz, DA-0752-07-0491-I-2 at 13. Alternatively, the AJ found that the Postal Service had shown that Schultz improperly maintained health benefits for Wavily Britten.

The AJ then found that the penalty of removal was reasonable and promoted the efficiency of the service, as Schultz's conduct was intentional and was very serious in nature. According to the AJ, "[t]here is no doubt that a charge concerning the falsification of documents involves serious misconduct which affects an employee's reliability, veracity, trustworthiness and ethical conduct and thus directly impacts on the efficiency of the service." Id. at 19 (quotation marks omitted). Moreover, the AJ reasoned that, as a supervisor, Schultz was held to a higher standard of conduct than other employees.

Finally, the AJ found that Schultz had failed to prove that the Postal Service had discriminated against her because of her race (African-American), sex (female), and/or color (black), reasoning that Schultz had failed to present any evidence to show that similarly situated employees were treated differently. Schultz then petitioned for review of the AJ's decision. In a decision issued on October 3, 2008, the Board denied the petition, concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome. Thus, the AJ's initial decision became final.

Schultz timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

2009-3023

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quotation marks omitted).

Schultz argues that the Board improperly found that she intended to deceive the Postal Service. According to Schultz, there was no evidence of intent, and the Board simply relied on its determinations that both her testimony and Britten's lacked credibility. Indeed, according to Schultz, the agency withdrew its allegation of fraud, which requires intent, in favor of an allegation of improper conduct, showing that the agency knew that it could not prove the intent element of the fraud charge. Schultz also argues that, regarding the Board's alternative finding that she had improperly maintained health benefits for Britten, the Board was not entitled to recharacterize the agency's charge in order to rule in the agency's favor. Moreover, Schultz asserts that neither of the Board's findings of improper conduct violates § 665.13 or § 665.18 of the Employee and Labor Relations Manual. Schultz argues that the Board failed to review her discrimination claim, and that the agency did not follow procedures in her case that it normally follows when removing other employees. Finally, according to Schultz, although the notice of removal of June 29, 2007 purported to address the Douglas

2009-3023

-5-

factors, it was almost identical to the first notice of removal that she had received, which the agency had then rescinded. Thus, Schultz argues that she was not given the benefit of established procedures.

The government responds that the Board carefully considered the testimony of both Schultz and Britten and that the Board was entitled to make a credibility determination on both. The government also asserts that the Board's determination of intent is entitled to deference. Regarding the Board's alternative finding, the government argues that the Postal Service's notice of proposed removal indicated the same alternative basis for a finding of improper conduct, so the Board's finding was not a recharacterization of the agency's charge. As for Schultz's discrimination claims, the government asserts that we do not have jurisdiction to consider them. The government also asserts that Schultz did not identify any procedures other than the notice of removal, which the government notes was not defective, that the Postal Service failed to follow. According to the government, the Board reviewed the detailed analysis of the relevant Douglas factors and affirmed the agency's balancing of those factors.

We agree with the government that substantial evidence supports the Board's determination that Schultz's removal was reasonable. Schultz conceded that the divorce decree that she submitted was false. Although a charge of improper conduct does not inherently require a finding of intent, when the agency's charge is "entirely unspecific," as is a charge of improper conduct, the Board may require the agency to prove intent. See LaChance v. Merit Sys. Prot. Bd., 147 F.3d 1367, 1371-72 (Fed. Cir. 1998). In this case, substantial evidence supports the Board's finding that Schultz intended to deceive the Postal Service. As the Board found, Schultz's act of keeping

2009-3023

-6-

Britten and his daughters on her health plan demonstrates that she knew that she and Britten were not divorced when she submitted the false divorce decree. Regarding the Board's credibility determinations, the Board's evaluation of witness credibility is "virtually unreviewable on appeal." King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998) (quotation marks omitted). We therefore affirm the Board's finding that Schultz intentionally submitted a fraudulent divorce decree as being supported by substantial evidence.

We also agree that the penalty of removal was not inappropriate, as Schultz's conduct was intentional and involved falsification of documents. Such conduct also violates § 665.18 of the Employee and Labor Relations Manual, which requires Postal Service employees to be honest.

Finally, we agree that the Postal Service did not fail to follow its established procedures. The only specific example that Schultz provides in alleging a procedural error is that the Postal Service sent her two virtually identical notices of removal. However, no error was involved in sending the two notices; the Board thoroughly reviewed the Postal Service's reasons for removal in its second notice and affirmed the agency's balancing of the Douglas factors. We see no reason to disturb the Board's findings. As for Schultz's discrimination claim, we do not have jurisdiction to review it. Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir. 1983) (en banc).

We have considered Schultz's remaining arguments and find them unpersuasive. Accordingly, we affirm the Board's decision.

COSTS

No costs.